1

2

3

4

5

6

7  **UNITED STATES DISTRICT COURT**

8  **CENTRAL DISTRICT OF CALIFORNIA**

9

10  ANGELINA DETTAMANTI,                    ) Case No. CV 13-3484-MWF (JPR)
                                           )
11                      Plaintiff,          )
                                           ) ORDER ACCEPTING FINDINGS AND
12            vs.                           ) RECOMMENDATIONS OF U.S.
                                           ) MAGISTRATE JUDGE
13  COUNTY OF SANTA BARBARA et              )
    al.,                                    )
14                                          )
                       Defendants.          )
15  ──────────────────────────────         )

16       The Court has reviewed the First Amended Complaint, records

17  on file, and Report and Recommendation of the U.S. Magistrate

18  Judge.  See 28 U.S.C. § 636.  On June 16, 2014, Plaintiff filed

19  objections to the R&R.

20       Plaintiff contends that she has standing to challenge the

21  impoundment of her brother's car because it was "in [her]

22  possession when it was seized and towed at the order of Deputy

23  Davies." (Objections at 2.)  But even assuming Plaintiff

24  properly asserted a Fourth Amendment claim for unreasonable

25  seizure of the car (see R&R at 15-17 (noting that Plaintiff

26  raised claim regarding impoundment under Fifth and 14th

27  amendments)), the fact that she was driving it before her arrest,

28  which the R&R fully acknowledged (see R&R at 6, 17), does not

    establish any property interest sufficient to establish standing

1   (see id. at 17-18).  That is particularly true given that

2   Plaintiff's brother was present during the arrest and informed

3   Officer Davies that he was the registered owner of the car.  (See

4   id. at 7, 17.)

5        Plaintiff also contends that "[a]nother conspiracy or act

6   that has damaged [her] and brings Santa Barbara County back into

7   this case" is that county counsel represents all Defendants and

8   "also happens to represent and advise[] the Santa Barbara County

9   Board of Supervisors."  (Objections at 3.)  Plaintiff alleges

10  that "[t]his custom of allowing the Santa Barbara . . . County

11  Counsel to represent both the Santa Barbara County Board of

12  Supervisors ([t]he legislative branch) as well as . . .

13  defendants here in the Executive branch, amounts to an unlawful

14  conflict and it directly defeats the checks and balances and

15  amounts to a Conspiracy."  (Id.)  As noted in the R&R (R&R at 24

16  n.7), however, Plaintiff did not name the County Board of

17  Supervisors as a defendant in the FAC.  Nor did she allege any

18  claim based on county counsel's representation of various parties

19  or any alleged violation of "checks and balances."  And Plaintiff

20  has alleged no damages resulting from county counsel's actions,

21  other than baldly stating that they "defeat [her] liberties."

22  (Id. at 4.)  And to the extent Plaintiff relies on her assertions

23  to support her claims against the County (see id. at 3 (noting

24  that allegations "bring[] Santa Barbara County back into this

25  case"), they fail to remedy the various deficiencies noted in the

26  R&R (see R&R at 18-25).

27       Accordingly, having reviewed de novo those portions of the

28  Report and Recommendation to which objections were filed, the

2

Court accepts the findings and recommendations of the Magistrate Judge.

IT THEREFORE IS ORDERED that Defendants' motion to dismiss is DENIED as to Plaintiff's claim that Deputy Myles Davies, in his individual capacity, used excessive force against her on May 14, 2011, and GRANTED as to all other claims.

DATED: July 10, 2014

MICHAEL W. FITZGERALD
U.S. DISTRICT JUDGE